14592CV

Walker County - County Court at Law

Filed: 11/8/2024 12:37 PM
Kari French
County Clerk
Walker County, Texas

Autumn Evans

## CAUSE NO. _____

| | | |
|---|---|---|
| **DEBORAH WOODALL** | § | **IN THE COUNTY COURT AT LAW** |
| | § | |
| **VS.** | § | |
| | § | **OF** |
| **STATE FARM MUTUAL** | § | |
| **AUTOMOBILE INSURANCE** | § | |
| **COMPANY** | § | **WALKER COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff, DEBORAH WOODALL ("Plaintiff"), complaining of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("State Farm"), files this, her Original Petition, and for cause of action would respectfully show:

### I.
### DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery under Level II, pursuant to 190.3 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### PARTIES AND SERVICE OF PROCESS

Plaintiff DEBORAH WOODALL is a resident of Walker County, Texas. The last three numbers of Plaintiff's driver's license number are 409.

Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY is an insurance company doing business in the State of Texas. This Defendant may be served with citation by serving its registered agent for service, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218 or wherever it may be found.

This incident occurred in Walker County, Texas.

T

**EXHIBIT A**

### III.
#### JURISDICTION AND VENUE

Damages sought are within the jurisdictional limits of this Court. Plaintiff seeks monetary relief not to exceed $75,000.00, exclusive of interest and costs.

This Court has jurisdiction and venue is proper in Walker County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE §15.032 because the loss giving rise to the claim occurred in Walker County, Texas.

### IV.
#### FACTS

On or about March 30, 2022, Plaintiff was traveling westbound in or near the 500 block of 11th Street in Huntsville, Texas when she was rearended by an underinsured tortfeasor. As a result of the collision, Plaintiff sustained serious personal injuries as described herein.

At the time of the collision, Plaintiff was covered under an underinsured motorist policy with Defendant State Farm (Policy Number 288645453G).

Plaintiff settled her claims with the tortfeasor's insurance carrier, and Defendant State Farm granted Plaintiff permission to settle her claims with the tortfeasor's insurance carrier.

On March 15, 2024, Plaintiff delivered to Defendant her written request that Defendant evaluate her UIMBI claim, along with 485 pages of supporting medical bills and records.

On May 13, 2024, 42 business days later, Defendant State Farm responded to its insured's written request with an evaluation amount that was drastically low, considering the damages suffered by its insured.

On August 9, 2024, Plaintiff delivered to Defendant her request for explanation of its insufficient evaluation of her UIMBI claim.

On August 28, 2024, September 4, 2024, and September 9, 2024, Plaintiff delivered to Defendant written requests for a response to her inquiry.

2

On September 17, 2024, 25 business days later, Plaintiff delivered to Defendant written Notice of Complaint of Unfair Claims Settlement correspondence

On September 18, 2024, the undersigned received a telephone call from an employee and/or agent of Defendant advising that Defendant is "unable to respond" to Plaintiff's written request. Plaintiff confirmed her outstanding reasonable request on the same date.

On October 9, 2024, 40 business days after Plaintiff requested an explanation of Defendant's evaluation of her UIMBI claim, Defendant responded that it was "unable to" provide an explanation of its evaluation of Plaintiff's UIMBI claim.

On October 10, 2024, Plaintiff again requested that Defendant provide a written explanation of its evaluation of her UIMBI claim.

On October 21, 2024, Defendant sent to Plaintiff correspondence evaluating her UIMBI claim at $7,500 and offering to pay a portion of that amount, and wrongfully withhold the remaining amount.

As of the filing of this pleading, Defendant has failed to pay Plaintiff any portion of her settlement funds and has refused to provide an explanation of its evaluation of her claim.

## V.
### BREACH OF CONTRACT

Defendant State Farm issued an insurance policy in which Plaintiff is a named beneficiary, which was in full force and effect at the time of the collision and provided underinsured motorist coverage benefits for Plaintiff. On information and belief, the tortfeasor was an underinsured motorist at the time of the collision.

Plaintiff was a covered person and an insured individual under this policy at the time of the occurrence in question and sustained injuries.

Therefore, Plaintiff is entitled to recover benefits provided under the policy and Defendant

3

State Farm agreed to provide Plaintiff underinsured motorist coverage.

Defendant State Farm breached this agreement and as a proximate cause of Defendant's breach, Plaintiff suffered damages. All conditions precedent to Plaintiff's claim for relief have occurred, have been performed, or waived.

## VI.
### DECLARATORY JUDGMENT

Based on the forgoing facts, and pursuant to the policy of insurance in force and effect between Plaintiff and Defendant State Farm at the time of the collision, Plaintiff seeks a declaratory judgment pursuant to TEX. CIV. PRAC. & REM. CODE Ch. 37 that she is entitled to recover from Defendant State Farm her damages resulting from the motor vehicle collision of March 30, 2022, that those damages fall within the coverage afforded to her under Defendant State Farm's insurance policy and specifying the amount of damages, attorneys' fees, interest and court costs that Defendant is obligated to pay.

## VII.
### VIOLATIONS OF THE TEXAS UNFAIR COMPETITION
### AND UNFAIR CLAIMS PRACTICES ACT

Defendant is an entity that is required to comply with TEX. INS. CODE Chapter 541.

Defendant conduct constitutes multiple violations of the Texas Unfair Competition and Unfair Practices Act. TEX. INS. CODE Chapter 541. All violations under this code are made actionable by TEX. INS. CODE Section 541.151.

Defendant engaged in unfair settlement practices with respect to Plaintiff's claims and is in violation of TEX. INS. CODE Sec. 541.060 et seq.

    (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

    (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement

4

of:

    (A)  a claim with respect to which the insurer's liability has become reasonably clear;

          or

    (B)  a claim under one portion of a policy with respect to which the insurer's

          liability has become reasonably clear to influence the claimant to settle another

          claim under another portion of the coverage unless payment under one portion of

          the coverage constitutes evidence of liability under another portion;

(3)  failing to promptly provide to a policyholder a reasonable explanation of the basis in

    the policy, in relation to the facts or applicable law, for the insurer's denial of a claim

    or offer of a compromise settlement of a claim;

(4)  failing within a reasonable time to:

        (A)  affirm or deny coverage of a claim to a policyholder;

(7)  refusing to pay a claim without conducting a reasonable investigation with respect to

    the claim.

Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendant's liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

## VIII.
### TEXAS PROMPT PAYMENT OF CLAIMS ACT

Defendant is an entity that is required to comply with TEX. INS. CODE Chapter 542.

Defendant's conduct constitutes multiple violations of the Texas Prompt Payment of Claims Act. TEX. INS. CODE Chapter 542. All violations made under this article are made

actionable by TEX. INS. CODE Section 542.060.

## IX.
### TEXAS DECEPTIVE TRADE PRACTICES ACT

Defendant has violated the Texas Deceptive Trade Practices Act in the following manners:

(1) Representing that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2) Failing to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3) Engaging in an unconscionable course of conduct;

(4) At all material times hereto, Plaintiff was a consumer of insurance services or products of Defendant and Plaintiff would show that the Defendant's violations as set forth above, constitute a violation of the Texas Deceptive Trade Practices Act, causing Plaintiff's damages; and

(5) By accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, Defendant has engaged in an unconscionable action or course of action as prohibited by the DTPA sec. 17.50(a)(1)(3) in that Defendant took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chap. 541, TEXAS INSURANCE CODE.

## X.
### BREACH OF COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING

Defendant's conduct, as specifically described above, constitutes a breach of the common law duty of good faith and fair dealing owed to Plaintiff pursuant to the insurance contracts.

Defendant's conduct, as described above, was in direct contradiction of the applicable industry standards of good faith and fair dealing.

Defendant's failure, as described above, to adequately and reasonable investigate, evaluate, and pay the benefits owed under the insurance contracts, knowing full well through the exercise of reasonable diligence that its liability was reasonably clear, resulted in a breach of the duty of good faith and fair dealing.

## XI.
### KNOWLEDGE AND INTENT

Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages described herein.

## XII.
### DAMAGES

Plaintiff seeks a declaratory judgment pursuant to TEX. CIV. PRAC. & REM. CODE Ch. 37 that, as a direct and proximate result of the aforementioned acts and omissions of negligence by the Defendant, Plaintiff sustained the following damages for which she is legally entitled to recover:

1. Physical pain and mental anguish, past and future;
2. Physical impairment, past and future;
3. Loss of income and reduced wage-earning capacity, past and future;
4. Attorney's fees; and
5. Pre-judgment interest and costs of Court.

If it be found that Plaintiff was suffering from any predispositions, conditions or bodily infirmities prior to the date of the collision, Plaintiff would show unto the Court and jury that the

same was neither disabling nor painful, but that as a result of the injuries suffered by Plaintiff on such occasion, and the effects thereof, the same had been incited, accelerated, and aggravated to such an extent that they have now become painful and disabling as described herein.

For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, and Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policies, together with attorney's fees, pursuant to TEX. CIV. & REM. CODE Sec. 38.01 *et seq.*

For noncompliance with the Texas Unfair Competition and Unfair Practices Act, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiffs ask for three (3) times its actual damages, pursuant to TEX. INS. CODE ANN. Section 541.152 *et seq.*

For noncompliance with the Texas Prompt Payment of Claims Act, Plaintiff is entitled to the amount of her claims, as well as eighteen (18) percent interest per annum post judgment interest, as allowed by law, and for any other further relief, either at law or in equity, to which she may show herself to be justly entitled, pursuant to TEX. INS. CODE ANN. Section 542.058 *et seq.* and 542.060 *et seq.*

For violation of the Texas Deceptive Trade Practices Act, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three (3) times its actual damages, pursuant to TEX. INS. CODE ANN. Section 17.50(b)(1).

For violation of the Common Law Duty of Good Faith and Fair Dealing, Plaintiff is entitled

8

to actual damages, direct and indirect consequential damages, mental anguish, and exemplary damages.

## XIII.
### INITIAL DISCLOSURE

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 194(a), Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

## XIV.
### SELF-AUTHENTICATION

Please take notice that, pursuant to Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, for purposes of self-authentication, any and all documents produced by Defendant to Plaintiff in response to written discovery will be used against Defendant at any pretrial proceeding or at trial.

## XV.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein; that upon trial hereof, Plaintiff has judgment of the Court against such Defendant in a total amount of money substantially in excess of the minimum jurisdictional limit of this Court, together with prejudgment and post-judgment interest as provided by applicable laws; for all costs of court; and for all such other and further relief, both general and special, legal and equitable, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**ANNIE MCADAMS PC**

*/s/ Joshua Chambers*
Annie McAdams
State Bar No. 24051014
Joshua Chambers
State Bar No. 24073173
2900 North Loop West, Ste. 1130
Houston, Texas 77092
P: (713) 785-6262
service@mcadamspc.com

ATTORNEYS FOR PLAINTIFF

10