UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEBORAH WOODALL | § | |
| | § | |
| VS. | § | CASE NO. 4:24-CV-04937 |
| | § | (JURY) |
| STATE FARM MUTUAL | § | |
| AUTOMOBILE INSURANCE | § | |
| COMPANY | § | |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

DEBORAH WOODALL, Plaintiff in the above-styled and numbered cause, files this First Amended Complaint against STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("State Farm") as Defendant, and would respectfully show the Court and jury as follows:

#### SUMMARY

1. Plaintiff files this lawsuit seeking compensation for the harm she suffered as an underinsured motorist and insured of Defendant.

2. Plaintiff is entitled to recover from Defendant State Farm her damages as an underinsured motorist and that those damages fall within the coverage afforded to her under Defendant's insurance policy.

3. Plaintiff alleges Defendant breached the insurance agreement that was in place at the time of the motor vehicle collision. Plaintiff's claims are independent of her claims as an underinsured motorist.

4. Plaintiff alleges Defendant engaged in unfair settlement practices with respect to Plaintiff's claims. Plaintiff's claims are independent of her claims as an underinsured motorist.

5. Plaintiff alleges Defendant's conduct constitutes multiple violations of the Texas Prompt Payment of Claims Act. Plaintiff's claims are independent of her claims as an underinsured

motorist.

6. Plaintiff alleges Defendant has violated the Texas Deceptive Trade Practices Act. Plaintiff's claims are independent of her claims as an underinsured motorist.

7. Plaintiff alleges Defendant breached of the common law duty of good faith and fair dealing owed to Plaintiff pursuant to the insurance contracts. Plaintiff's claims are independent of her claims as an underinsured motorist.

8. Plaintiff alleges that Defendant's acts and omission were done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages described herein.

## PARTIES

9. Plaintiff DEBORAH WOODALL is a resident of Walker County, Texas. She may be contacted through her lead counsel, whose information is contained below.

10. Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY is an insurance company doing business in the State of Texas. This Defendant has previously answered and appeared in this case.

## JURISDICTION AND VENUE

11. The court has jurisdiction over the lawsuit under 28 U.S.C. §1332 (a)(1) because the Plaintiff and the Defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs. Plaintiff is a citizen of the State of Texas. Defendant herein is incorporated in, and a resident of, the State of Illinois.

12. Venue is proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1391(a)(2) in that all or a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Texas. The subject incident that injured Plaintiff occurred in Walker County, Texas. Further, the subject insurance agreement was delivered

to and executed in Walker County, Texas.

13. The Court's exercise of personal jurisdiction over Defendant comports with due process.

14. Defendant is deemed to reside in the Southern District of Texas pursuant to 28 U.S.C. § 1391(c) in that it regularly conduct business and are subject to personal jurisdiction in the Southern District of Texas, and, in particular, the Houston Division.

### STATEMENT OF FACTS

15. On or about March 30, 2022, Plaintiff was traveling westbound in or near the 500 block of 11th Street in Huntsville, Texas when she was rearended by an underinsured tortfeasor. As a result of the collision, Plaintiff sustained serious personal injuries as described herein.

16. At the time of the collision, Plaintiff was covered under an insurance policy with Defendant State Farm (Policy Number 288645453G) and all conditions precedent have been fulfilled.

17. Defendant State Farm granted Plaintiff permission to settle her claims with the tortfeasor's insurance carrier, and Plaintiff settled her claims with the tortfeasor's insurance carrier.

18. On March 15, 2024, Plaintiff delivered to Defendant her written request that Defendant evaluate her UIMBI claim, along with 485 pages of supporting medical bills and records.

19. Prior to May 13, 2024, Defendant's agents and/or employee evaluated liability, reviewed evidence, including but not limited to medical billing and records, property damage photos and repair estimates, and made fact decisions concerning Plaintiff's claims.

20. On May 13, 2024, 42 business days later, Defendant State Farm acknowledged its insured's claim and responded to its insured's written request with an evaluation inconsistent with the damages suffered by its insured.

21. On August 9, 2024, Plaintiff, pursuant to the terms of her policy, requested for explanation of Defendant's insufficient evaluation of her UIMBI claim.

22. After not receiving a response to the August 9, 2025 request, on August 28, 2024, September 4, 2024, and September 9, 2024, Plaintiff delivered to Defendant written requests for a response to her inquiry.

23. After receiving no response to the prior four (4) communications, on September 17, 2024, 25 business days later, Plaintiff delivered to Defendant written Notice of Complaint of Unfair Claims Settlement correspondence

24. On September 18, 2024, the undersigned received a telephone call from an employee and/or agent of Defendant advising that Defendant is "unable to respond" to Plaintiff's written request. Plaintiff confirmed her outstanding reasonable request on the same date.

25. On October 9, 2024, 40 business days after Plaintiff requested an explanation of Defendant's evaluation of her UIMBI claim, Defendant finally responded in writing that it was "unable to" provide an explanation of its evaluation of Plaintiff's UIMBI claim.

26. On October 10, 2024, Plaintiff again requested that Defendant, pursuant to the terms of the policy, provide a written explanation of its evaluation of her UIMBI claim.

27. Prior to October 21, 2024, Defendant's agents and/or employee evaluated liability, reviewed evidence, including but not limited to medical billing and records, property damage photos and repair estimates, and made fact decisions concerning Plaintiff's claims in order to evaluate Plaintiff's claims and damages.

28. Finally, on October 21, 2024, Defendant sent to Plaintiff correspondence acknowledging and evaluating her UIMBI claim at the undisputed amount of $7,500 and without explanation or basis, Defendant indicated that it had tendered $2,500 and wrongfully withheld the remaining amount.

29. As of the filing of this pleading, Defendant has failed to pay Plaintiff the undisputed amount of $7,500 or the $2,500 as promised and has refused to provide an explanation of its evaluation of her claim.

## CAUSE OF ACTION - DECLARATORY JUDGMENT

30. Plaintiff incorporates all previous allegations.

31. Plaintiff is entitled to underinsured motorist benefits under the policy with Defendant State Farm (Policy Number 288645453G).

32. Plaintiff alleges that the underinsured tortfeasor is liable for her injuries.

33. Plaintiff has claimed policy benefits under the policy with Defendant State Farm (Policy Number 288645453G) and all conditions precedent have been fulfilled.

34. Defendant has refused to pay benefits owed under the policy with Defendant State Farm (Policy Number 288645453G).

35. Based on the forgoing facts, and pursuant to the policy of insurance in force and effect between Plaintiff and Defendant State Farm at the time of the collision, Plaintiff seeks a declaratory judgment pursuant to the Texas Uniform Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code §§ 37.001-.01128 and that she is entitled to recover from Defendant State Farm her damages resulting from the motor vehicle collision of March 30, 2022, that those damages fall within the coverage afforded to her under Defendant State Farm's insurance policy and specifying the amount of damages, interest and court costs that Defendant is obligated to pay.

## CAUSE OF ACTION - BREACH OF CONTRACT

36. Plaintiff incorporates all previous allegations.

37. Under Texas law, the elements of a breach of contract claim are: (1) the existence of a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach. Crose v. Humana Ins. Co.,

5

823 F.3d 344, 347 (5th Cir. 2016).

38. Defendant State Farm issued an insurance policy in which Plaintiff is a named beneficiary, which was in full force and effect at the time of the collision and provided underinsured motorist coverage benefits for Plaintiff.

39. On March 15, 2024, Plaintiff delivered to Defendant her written request that Defendant evaluate her UIMBI claim, along with 485 pages of supporting medical bills and records.

40. Prior to October 21, 2024, Defendant's agents and/or employee evaluated liability, reviewed evidence, including but not limited to medical billing and records, property damage photos and repair estimates, and made fact decisions concerning Plaintiff's claims in order to evaluate Plaintiff's claims and damages.

41. On October 21, 2024, Defendant sent to Plaintiff correspondence evaluating her UIMBI claim at the undisputed amount of $7,500 and that it had tendered $2,500 and wrongfully withhold the remaining amount.

42. As of the filing of this pleading, Defendant has failed to pay Plaintiff the undisputed amount of $7,500 or the $2,500 that it had promised to pay.

43. Plaintiff is damaged to the extent of the undisputed amount of $7,500.

44. Plaintiff's injuries and damages for breach of contract are independent of her claim for underinsured motorist benefits under the policy with Defendant.

### CAUSE OF ACTION - VIOLATIONS OF THE TEXAS UNFAIR COMPETITION AND UNFAIR CLAIMS PRACTICES ACT

45. Plaintiff incorporates all previous allegations.

46. Defendant is an entity that is required to comply with TEX. INS. CODE Chapter 541.

47. Defendant's conduct constitutes multiple violations of the Texas Unfair

Competition and Unfair Practices Act. TEX. INS. CODE Chapter 541. All violations under this code are made actionable by TEX. INS. CODE Section 541.151.

**Defendant engaged in unfair settlement practices with respect to Plaintiff's claims and is in violation of TEX. INS. CODE Sec. 541.060(a)(1)**

48.  It is an unfair or deceptive act or practice in the business of insurance to misrepresent to a claimant a material fact or policy provision relating to coverage at issue with respect to a claim by an insured.

49.  On August 9, 2024, Plaintiff delivered to Defendant her request for explanation of its insufficient evaluation of her UIMBI claim.

50.  On September 18, 2024, the undersigned received a telephone call from an employee and/or agent of Defendant advising that Defendant is "unable to respond" to Plaintiff's written request.

51.  Defendant's agents and/or employee evaluated liability, reviewed evidence, including but not limited to medical billing and records, property damage photos and repair estimates, and made fact decisions concerning Plaintiff's claims in order to evaluate Plaintiff's claims and damages.

52.  Defendant violated TEX. INS. CODE Sec. 541.060(a)(1) when it stated that it was "unable to" provide its insured its evaluation of her UIMBI claim as required under TEX. INS. CODE Sec. 541.060(a)(3).

**Defendant engaged in unfair settlement practices with respect to Plaintiff's claims and is in violation of TEX. INS. CODE Sec. 541.060(a)(3)**

53.  It is an unfair or deceptive act or practice in the business of insurance to fail to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's offer of a compromise settlement of a claim.

54. On August 9, 2024, Plaintiff delivered to Defendant her request for explanation of its insufficient evaluation of her UIMBI claim.

55. As of the filing of this pleading, Defendant has failed to provide an explanation for its offer of a compromise settlement of her UIMBI claim as they are required as a matter of law.

**Defendant engaged in unfair settlement practices with respect to Plaintiff's claims and is in violation of TEX. INS. CODE Sec. 542.101 and 542.103**

56. On written request of a named insured under a liability insurance policy, the insurer that wrote the policy shall provide to the insured information relating to the disposition of a claim filed under the policy. The information must include:

> (1) the name of each claimant;
>
> (2) details relating to:
>
>> (A) the amount paid on the claim;
>>
>> (B) settlement of the claim; or
>>
>> (C) judgment on the claim;
>
> (3) details as to how the claim, settlement, or judgment is to be paid; and
>
> (4) any other information required by rule of the commissioner that the commissioner considers necessary to adequately inform an insured with regard to any claim under a liability insurance policy.

57. An insurer shall provide the information requested under this subchapter in writing not later than the 30th day after the date the insurer receives the request for the information.

58. Defendant State Farm violated this statute when it took 59 days to respond to its insured's written request to evaluate her UIMBI claim, with contained the included supports.

59. Defendant State Farm further violated this statute when it took 61 days to respond to its insured's written request for explanation of Defendant's evaluation of her UIMBI claim. As

8

explained above, Defendant deficient response was that it was "unable to" provide an explanation of its evaluation of Plaintiff's UIMBI claim.

60. Defendant State Farm further violated and continues to violate this statute as it has still not responded to its insured's written request for explanation of Defendant's evaluation of her UIMBI claim. 259 days have passed since Plaintiff requested this explanation from her insurer.

61. Defendant's unfair settlement practice, as described above, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance under TEX. INS. CODE Sec. 541.060(a)(1), 541.060(a)(3), and 542.103.

62. Plaintiff's injuries and damages under TEX. INS. CODE Sec. 541.060(a)(1), 541.060(a)(3), and 542.103 are independent of her claim for underinsured motorist benefits under the policy with Defendant,

### CAUSE OF ACTION - TEXAS PROMPT PAYMENT OF CLAIMS ACT

63. Plaintiff incorporates all previous allegations.

64. Defendant is an entity that is required to comply with TEX. INS. CODE Chapter 542.

65. The Prompt Payment of Claims Act requires an insurer to pay a policyholder's claim within 60 days of receiving the documents needed to resolve the claim. Mainali Corp. v. Covington Specialty Ins. Co., 872 F.3d 255, 257-58 (5th Cir. 2017, revised Sept. 27, 2017) (citing Tex. Ins. Code § 542.058).

66. If an insurer does not comply "[i]n an action to which Chapter 542A applies[,]" the insurer will be liable for "simple interest on the amount of the claim as damages each year at the rate determined on the date of judgment by adding five percent to the interest rate determined under Section 304.003, Finance Code, together with reasonable and necessary attorney's fees." TEX. INS. CODE § 542.060(c).

67. Defendant's agents and/or employee evaluated liability, reviewed evidence,

9

including but not limited to medical billing and records, property damage photos and repair estimates, and made fact decisions concerning Plaintiff's claims in order to evaluate Plaintiff's claims and damages.

68. On October 21, 2024, Defendant sent to Plaintiff correspondence evaluating her UIMBI claim at the undisputed amount of $7,500 and that it had tendered $2,500 and wrongfully withhold the remaining amount.

69. As of the filing of this pleading, Defendant has failed to pay Plaintiff the undisputed amount of $7,500 or the $2,500 that it had promised to pay.

70. Plaintiff is damaged to the extent of the undisputed amount of $7,500, along with the requisite interest and attorney's fees as provided by the Statute.

71. Plaintiff's injuries and damages under TEX. INS. CODE Chapter 542 are independent of her claim for underinsured motorist benefits under the policy with Defendant.

## CAUSE OF ACTION – VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT (THE "DTPA")

72. Plaintiff incorporates all previous allegations.

73. Violations of the Texas Insurance Code constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"). *See* Tex. Bus. & Com. Code §17.50(a)(4). Plaintiff seeks all relief available to her under both the DTPA and the Texas Insurance Code for Defendant's violations of the Texas Insurance Code and the DTPA.

74. Defendant's handling of Plaintiff's claims under the Policy was "unconscionable" within the meaning of the DTPA. The undisputed amount of $7,500 owed to Plaintiff under the Policy, constitutes "economic damages" under the DTPA *(Vail v. Texas Farm. Mut. Ins. Co.,* 754 S.W.2d 129, 136 (Tex. 1988)), and since Defendant's conduct described herein occurred "knowingly" and/or "intentionally" within the meaning of the DTPA

(DTPA §17.45(a)), Plaintiff is entitled to recover treble damages. DTPA §17.50 (b)(1). These treble damages are also alternatively recoverable under the Texas Insurance Code. *See* Tex. Ins. Code §541.152(b). Due to Defendant's failure to comply with its legal duties to Plaintiff, its conduct should be found to be both "knowing" and "intentional", either of which entitles Plaintiff to treble damages. Furthermore, Defendant's breach of its duty of good faith and fair dealing owed to Plaintiff was done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, as defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendant are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Plaintiff therefore seeks recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for its wrongful conduct and to set an example to deter it and others similarly situated from committing similar acts in the future.

75.     Defendant's delay in payment after promising to do so, asserting that it "cannot" explain the evaluation of Plaintiff's UIMBI claim, refusal to timely explain the basis of its evaluation of her claims, and failure to pay Plaintiff is (1) a bad faith breach of the covenant of good faith it owes to its insured, (2) a breach of warranty, and is unconscionable and unfair dealing in violation of the DTPA and the Texas Insurance Code. These breaches are a proximate and producing cause of Plaintiff's past damages and ongoing damages because of Defendant's failure to pay what it owes her under the Policy and applicable Texas law. There is no reasonable basis for Defendant's actions, and Defendant knows (or should have known) that there was no reasonable basis to delay or fail to pay the undisputed amount of $7,500 owed to Plaintiff under the Policy.

76.     Defendant, by accepting insurance premiums but refusing without a reasonable basis to timely pay benefits and legal recovery due and owing, engaged in an unconscionable

action or course of action as prohibited by §17.50(a)(l)(3) of the DTPA in that Defendant took advantage of Plaintiffs' lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

77. Defendant additionally took advantage of Plaintiff's lack of knowledge, ability, experience, or capacity to a grossly unfair degree. Defendant's conduct is actionable under DTPA §17.50(a)(l), (2) and (3) and/or the Texas Insurance Code. Defendant's conduct in the sale of the Policy and/or the handling of Plaintiff's claims under the Policy constitutes unconscionable, false, misleading, and/or deceptive acts or practices in violation of the DTPA, which is actionable under §17.S0(a)(l-3) of the DTPA, and the Texas Insurance Code.

### BREACH OF COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING

78. Plaintiff incorporates all previous allegations.

79. Defendant's conduct in failing to pay Plaintiff the undisputed amount of $7,500 was in direct contradiction of the applicable industry standards of good faith and fair dealing.

80. Defendant's conduct in stating it stated that it was "unable to" provide its insured its evaluation of her UIMBI claim as required under TEX. INS. CODE Sec. 541.060(a)(3) was in direct contradiction of the applicable industry standards of good faith and fair dealing.

81. Defendant's agents and/or employee evaluated liability, reviewed evidence, including but not limited to medical billing and records, property damage photos and repair estimates, and made fact decisions concerning Plaintiff's claims in order to evaluate Plaintiff's claims and damages.

82. Defendant's conduct in failing to provide an explanation for its offer of a compromise settlement of her UIMBI claim was in direct contradiction of the applicable industry standards of good faith and fair dealing.

12

83. Defendant's failure, as described above, resulted in a breach of the duty of good faith and fair dealing.

84. Plaintiff's injuries and damages for breach of the duty of good faith and fair dealing are independent of her claim for underinsured motorist benefits under the policy with Defendant.

## KNOWLEDGE AND INTENT

85. Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

86. Plaintiff seeks a declaratory judgment pursuant to TEX. CIV. PRAC. & REM. CODE Ch. 37 that, as a direct and proximate result of the aforementioned acts and omissions of negligence by the Defendant, Plaintiff sustained the following damages for which she is legally entitled to recover:

   1. Physical pain and mental anguish, past and future;
   2. Physical impairment, past and future;
   3. Loss of income and reduced wage-earning capacity, past and future;
   4. Attorney's fees; and
   5. Pre-judgment interest and costs of Court.

87. For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, and Plaintiff is entitled to actual damages of the undisputed amount of $7,500, together with attorney's fees, pursuant to TEX. CIV. & REM. CODE Sec. 38.01 *et seq*.

88. For noncompliance with the Texas Unfair Competition and Unfair Practices Act, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiffs ask for three (3) times its actual damages, pursuant to TEX. INS. CODE ANN. Section 541.152 *et seq*.

89. For noncompliance with the Texas Prompt Payment of Claims Act, Plaintiff is entitled to the undisputed amount of $7,500, as well as eighteen (18) percent interest per annum post judgment interest, as allowed by law, pursuant to TEX. INS. CODE ANN. Section 542.058 *et seq*. and 542.060 *et seq*.

90. For violation of the Texas Deceptive Trade Practices Act, Plaintiff is entitled to actual damages, including, but not limited to the undisputed amount of $7,500, court costs, and attorneys' fees. For knowing conduct of the acts complained of, Plaintiff asks for three (3) times her actual damages, pursuant to Tex. Ins. Code Ann. Section 17(b)(1).

91. For violation of the Common Law Duty of Good Faith and Fair Dealing, Plaintiff is entitled to actual damages, direct and indirect consequential damages, mental anguish, and exemplary damages.

### RELIEF SOUGHT

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, Plaintiff has judgment of the Court against such Defendant in a total amount of money substantially in excess of the minimum jurisdictional limit of this Court, together with prejudgment and post-judgment interest as provided by applicable laws; for all costs of court; and for all such other and further relief, both general and special, legal and equitable, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

**ANNIE MCADAMS PC**

*/s/ Joshua Chambers*
Annie McAdams
Federal Bar No. 1514589
State Bar No. 24051014
Joshua Chambers
Federal Bar No. 2229549
State Bar No. 24073173
2900 North Loop West, Ste. 1130
Houston, Texas 77092
P: (713) 785-6262
service@mcadamspc.com

ATTORNEYS FOR PLAINTIFF

## C<span/>ERTIFICATE OF S<span/>ERVICE

The undersigned hereby certifies that on this 25th day of April, 2025, a true and correct copy of the above and foregoing document was served upon all counsel of record via the Court's electronic filing system in accordance with the Federal Rules of Civil Procedure.

*/s/ Joshua Chambers*
Joshua Chambers
